T.C. Summary Opinion 2019-31

UNITED STATES TAX COURT

BRENT KATUSHA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6879-17S.                          Filed October 10, 2019.

Brent Katusha, pro se.

<u>Elizabeth F. Rodoni</u> and <u>Victoria Z. Gu</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $4,090 in petitioner's Federal income tax for tax year 2014 as a result of unreported income. In a joint stipulation of settled issues filed with this Court, petitioner agreed that he did not report $10,081 of nonemployee compensation. Having agreed to the adjustment for omitted income, petitioner now asserts he is entitled to additional expense deductions on Schedule C, Profit or Loss From Business. The sole issue for decision is whether petitioner is entitled to deduct certain purported business expenses in excess of those respondent allowed.

## Background

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in California when the petition was timely filed.

## I. Petitioner's Business Activity

Petitioner has worked as a professional automobile racing mechanic in California since 1999, specializing in car fabrication and maintenance. During tax

---

[1](...continued)
Code in effect for the year in issue, Rule references are to the Tax Court Rules of Practice and Procedure, and dollar amounts are rounded to the nearest dollar.

year 2014 petitioner worked as a contract race mechanic for several professional IndyCar racing teams.[2] He also worked for an engineering firm where he built robotic machines for use in vehicle manufacturing overseas.

In his work for the racing teams petitioner attended training days and "race weekends" at various raceways in California and elsewhere in the western United States. His racing business consisted of hauling race cars to and from the raceways and maintaining the cars before, during, and after the races. Petitioner estimates that he worked approximately 20 race weekends and an additional 30 to 50 practice days during 2014. Petitioner regularly had meals and coffee with members of race teams, including mechanics and engineers. He often discussed his business activity at these meals. He also attended or arranged various entertainment events at which he networked with clients and colleagues.

## II.    Petitioner's Tax Return and Respondent's Determination

Petitioner timely filed a 2014 Form 1040, U.S. Individual Income Tax Return. He hired a professional tax return preparer. On Schedule C petitioner reported nonemployee compensation of $61,399 and expenses of $13,146 related to his self-employment activity.

---

[2]Petitioner explained that IndyCar racing is a discipline of car racing in the United States.

As indicated, petitioner conceded that he received and did not report $10,081 of nonemployee compensation. Petitioner now contends that he is entitled to deduct business expenses of $7,355 in excess of those that he previously reported on the 2014 Schedule C. The additional expenses include $7,171 for meals and entertainment, $69 for gifts, and $115 for office.

III.    Petitioner's Business Records

Petitioner hired a certified public accountant (C.P.A.) based in Santa Rosa, California, to assemble the receipts and other documents needed to substantiate his business-related expenses for tax year 2014. Many of the documents were lost when the C.P.A.'s house was destroyed in a wildfire in October 2017. Because of the damage to his business and home, the C.P.A. was unable to assist petitioner in reconstructing and assembling documents needed to support the claimed expense deductions before trial.

As a result of these events petitioner's business expense records are limited. The Court received into evidence 49 pages of monthly checking account statements for 2014 from Wells Fargo Bank, N.A. The checking account statements provide the name of the vendor, the date, and the amount of each charge. Petitioner marked the checking account statements with handwritten abbreviations noting various companies and individuals that he worked with in the

racing industry, e.g., "SPT" for Small Precision Tool, "Send-It" for Send-It Motorsports, and "Worldspeed" for World Speed Motorsports. Petitioner also produced an email dated February 18, 2014, from World Speed Motorsports that details the 2014 schedule for its racing team. Petitioner asserts that he either attended test days or the race weekends related to 5 of the 10 racing events listed on the World Speed Motorsports schedule. To support this assertion he offered digital copies of race results and schedules related to those events into evidence.

## Discussion

### I. Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has not asserted or otherwise shown that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioner bears the burden of proof.

### II. Petitioner's Schedule C Deductions

Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving he is entitled to any deduction claimed. Rule 142(a);

INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

A taxpayer may deduct ordinary and necessary expenses paid in connection with operating a trade or business. Sec. 162(a); Boyd v. Commissioner, 122 T.C. 305, 313 (2004). Generally, no deduction is allowed for personal, living, or family expenses. See sec. 262(a). The taxpayer must show that any deducted expenses were incurred primarily for business rather than personal reasons. See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979). A proximate relationship between each deducted expense and the business is required. See Walliser v. Commissioner, 72 T.C. at 437.

The taxpayer is required to maintain records sufficient to substantiate expenses underlying deductions claimed on his return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.; see New Colonial Ice Co. v. Helvering, 292 U.S. at

440. If the taxpayer is able to establish that he paid or incurred a deductible expense but is unable to substantiate the precise amount, the Court generally may approximate the deductible amount, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimate. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see also Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). The failure to keep and produce appropriate records counts heavily against a taxpayer's attempted proof. Rogers v. Commissioner, T.C. Memo. 2014-141, at *17.

Section 274(d) imposes stricter substantiation requirements for certain kinds of expenses otherwise deductible under section 162(a). No deduction is allowed for travel expenses, gifts, meals, and entertainment, or for listed property as defined by section 280F(d)(4), unless the taxpayer substantiates by adequate records or corroborates by sufficient evidence the taxpayer's own statements as to: (1) the amount of the expense, (2) the time and place the expense was incurred, (3) the business purpose of the expense, and (4) the recipient's business relationship for each expenditure. Sec. 274(d); sec. 1.274-5T(a), (b), and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985). Section 274(d) substantiation requirements supersede the Cohan test. See Sanford v.

Commissioner, 50 T.C. 823, 827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

Substantiation by adequate records requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or paid bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

"Where the taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's control, such as destruction by fire, flood, earthquake, or other casualty, the taxpayer shall have a right to substantiate a deduction by reasonable reconstruction of his expenditures or use." Id. subpara. (5), 50 Fed. Reg. 46022. The burden is on the taxpayer to show that the documentation was actually lost or destroyed because of circumstances beyond his control. See McClellan v. Commissioner, T.C. Memo. 2014-257, at *13.

The Court received credible evidence to corroborate the fact that petitioner's C.P.A.'s home was destroyed in a wildfire. Petitioner, however, did not provide evidence by means of testimony or documents as to his usual business recordkeeping practices and specifically what records were destroyed.

Petitioner contends that he should be allowed deductions for gifts, meals, entertainment, and office expenses related to his business as a race mechanic. He claims business expense deductions for Christmas gifts to his business associates. He also seeks to deduct office expenses in the form of books, magazines, and music he purchased for his mechanic's shop.

Accepting petitioner's testimony that his records were destroyed in a wildfire, we review this record in the light of these particular circumstances. Where records have been lost because of circumstances beyond a taxpayer's control, he must still undertake a "reasonable reconstruction", which includes substantiation through secondary evidence. See, e.g., Boyd v. Commissioner, 122 T.C. at 320; Probandt v. Commissioner, T.C. Memo. 2016-135, at *28 (and cases cited threat).

Petitioner presented 49 pages of checking account statements with notations providing partial but inadequate details on the business purpose of each expense deduction claimed. Petitioner's testimony was vague and unspecific as to the

business expenses for meals, events, gifts, and purchases for his mechanic's shop. Petitioner's attempts to specifically identify persons and business purposes related to the purported expenses were not sufficient. While petitioner identified individuals with whom he dined and attended social events, he later indicated that his attempts at identification were speculative and acknowledged that his reconstruction of expenses did not specifically identify the business conducted on these occasions. Likewise, petitioner's recall of purchases from music stores, book stores, and other vendors was only general, and it was not clear whether the expenditures were incurred primarily for business rather than personal reasons. Petitioner acknowledged the difficulty in associating any expense paid in 2014 with a specific business purpose. On numerous occasions at trial petitioner indicated that his notations could be inaccurate because he was attempting to piece together his purchases years after charges were incurred.

Moreover, petitioner's checking account statements appear to contradict the email detailing the World Speed Motorsports race weekends he purported to have attended. Petitioner indicated that he attended 5 of the 10 race weekends listed in the email: two at Thunderhill Raceway in Willows, California, and three at Laguna Seca Raceway in Salinas, California. Petitioner's checking account statements appear to indicate petitioner's involvement in one race weekend at

Laguna Seca Raceway.  For that weekend, March 28 through 30, 2014, petitioner incurred $47 of charges at vendors near the raceway.  For each of the other race weekends petitioner's checking account statements either do not reflect any charges noted as business expenses or show multiple charges near petitioner's home and workplace and are marked with a variety of different notations in addition to "Worldspeed".  On the basis of this evidence it is not possible for the Court to ascertain which of petitioner's meals and entertainment expenses he incurred while attending World Speed Motorsports races.

We note that the Internal Revenue Service allowed $109 in meals and entertainment expenses as originally reported on the 2014 Schedule C.  This amount exceeds the $47 in charges that petitioner has been able to specifically associate with a racing event.  Petitioner was unable to produce testimony or other evidence as to whether any business expenses recorded on his checking account statements relate to amounts previously reported and allowed.  Therefore, we cannot conclude that any given charge for meals or entertainment is an additional business expense rather one previously reported and allowed.

Petitioner was similarly unable to adequately substantiate the reported gift expense.  Petitioner was charged $69 for a purchase at Kendall-Jackson on December 17, 2014.  Petitioner offered only vague testimony that the purchase

was for gifts which he bought for "all the guys" for Christmas. This testimony is insufficient to prove that the gifts were related to petitioner's business or purchased for any specific business contact.

Finally, petitioner was unable to adequately substantiate the claimed deduction of $115 for office expenses. He attempted to substantiate the expenses by identifying charges incurred at Barnes & Noble and Ken Watts Music as indicated on his checking account statements. However, petitioner offered only vague testimony that these charges were for music, books, and magazines that he purchased for his mechanic's shop. Petitioner did not provide any evidence or testimony indicating that he had not previously included the music, book, and magazine expenses on Schedule C.

Although the Court is sympathetic to the fact that many of the business records petitioner needed to substantiate his claimed deductions were destroyed, he has not undertaken a detailed reconstruction of them. Accordingly, we hold that petitioner is not entitled to deduct additional gift, meals, entertainment, or office expenses for tax year 2014.

We have considered the parties' arguments and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for

respondent.